IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                      Case Nos.:     3:10cr96/LAC/EMT
                                                        3:12cv221/LAC/EMT
OSHANI TOMAR RICE

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 56).  The Government filed a response (doc. 59). Defendant did not file a reply, despite requesting and receiving extensions of time in which to do so (*see* docs. 61–64).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged in a single-count indictment with possession of a firearm and ammunition after having been convicted of one or more felony offenses (doc. 1).  Defendant was represented by Assistant Federal Public Defender Thomas S. Keith.  Defendant initially elected to proceed to trial, but during the lunch recess on the first day of trial, Defendant requested to change his plea to guilty, and he did so (docs. 27–28).

The plea proceeding was unremarkable.  The court explained the rights Defendant was giving up, or waiving, by entering a plea and Defendant acknowledged that he understood the court's explanation (doc. 50 at 5–7).  Defendant admitted that the facts presented by the Government were true

and correct (*id.* at 8–9), and he indicated that he understood the penalty he faced (a maximum of ten years incarceration), as well as the fact that no one could predict the actual sentence the court would impose (*id*. at 9–11). Defendant also stated that he understood that he would be bound by his plea and would be unable to change his mind if the sentence was more or greater than he was hoping for (*id*. at 11–12). Defendant acknowledged that he had not been threatened, forced, pressured, or intimidated in any way to cause him to enter the plea and that he had sufficient time to discuss his case with counsel prior to entering the plea (*id*. at 12–13). Finally, he indicated that he had no complaints with counsel's representation of him and no further questions of the court (*id*. at 13).

A Pre-Sentence Investigation Report ("PSR") was prepared before sentencing. The final PSR (doc. 34) reflects that Defendant's base offense level was 20 (PSR ¶ 20). He received a four-level upward adjustment for possession of the firearm in connection with another felony offense (aggravated assault with a firearm) (PSR ¶¶ 22, 23, 55) and a two-level upward adjustment for obstruction of justice (PSR ¶ 26), and thus had a total offense level of 26 (PSR ¶ 31). Defendant had 20 criminal history points, and his criminal history category was VI (PSR ¶ 49). The applicable guidelines range was 120 to 150 months, but this range became 120 months due to the statutory maximum of ten-years imprisonment (PSR ¶ 89). The defense had no objections to the PSR (doc. 33). Defendant was sentenced on February 8, 2011, to a term of 120-months imprisonment (doc. 52 at 5). Judgment was entered on February 15, 2011, and Defendant filed a notice of appeal (docs. 36, 38).

On appeal, appointed counsel filed an Anders[1] brief, and the Eleventh Circuit affirmed Defendant's conviction and sentence (doc. 55). The instant motion to vacate was timely filed pursuant to the prison mailbox rule[2] on April 24, 2012. Defendant separates his claims into two grounds for

---

[1] Anders v. California, 386 U.S. 738 (1967).

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

relief, one of which contains multiple subparts.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).

An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n 14 (quoting Mills, 36 F.3d at 1055).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).  The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984).  To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). Strickland's two part test also applies to guilty pleas.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.  Id. at 59.  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must

indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States,

456 F. App'x 804, 807 (11th Cir. 2012) (citing <u>Yeck v. Goodwin</u>, 985 F.2d 538, 542 (11th Cir. 1993)); <u>Wilson v. United States</u>, 962 F.2d 996, 998 (11th Cir. 1992); <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991); <u>Stano v. Dugger</u>, 901 F.2d 898, 899 (11th Cir. 1990) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." <u>Chandler</u>, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. <u>Dingle</u>, 480 F.3d at 1099; <u>Williamson v. Moore</u>, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" <u>Dingle</u>, 480 F.3d at 1099 (quoting <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." <u>United States v. Morrow</u>, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* <u>Chandler v. McDonough</u>, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); <u>Hill v. Moore,</u> 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); <u>Ferguson v. United States</u>, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1237 (11th Cir. 2004); <u>Tejada</u>, 941 F.2d at 1559; <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory

allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.  As noted *supra*, no evidentiary hearing is needed in this case.

### Ground One

Defendant's first contention in Ground One, which contains numerous subparts, is that trial counsel failed to ensure that the court instructed him regarding the "interstate commerce" element of the crime, and that counsel's failure to do so rendered his plea involuntary and in violation of his Fifth and Sixth Amendment rights.

During the plea colloquy, the Assistant United States Attorney noted that the firearm (that Defendant admitted to possessing) had been manufactured in California, and that the ammunition contained within it was manufactured in Arkansas (doc. 50 at 8).[3]  Defendant now asserts that the Government had no evidence to prove that he had knowledge that the firearm had been shipped or transported in interstate commerce.  Such knowledge is not required.  *See, e.g.,* United States v. Thrasher, 569 F.2d 894, 895 (5th Cir. 1978)[4] ("The law is well settled . . . that the government is not required to prove knowledge of the interstate nexus of the firearm" in 18 U.S.C. § 922(h)(1).);  United States v. Miller, 105 F.3d 552, 555 (9th Cir. 1997) ("We agree with the decisions from other circuits that the § 924(a) knowledge requirement applies only to the possession element of § 922(g)(1), not to the interstate nexus or to felon status."); United States v. Darby, 37 F.3d 1059, 1067 (4th Cir. 1994) (noting that "[n]umerous cases have held that criminal statutes based on the government's interest in regulating interstate commerce do not generally require that an offender have knowledge of the interstate nexus of his actions," and collecting cases).  To the extent Defendant contends that he was personally charged with shipping or transporting the firearm (*see* doc. 56 at 35), he is mistaken (*see* doc. 1).

Defendant also contends that counsel failed to advise him about the option of cooperating with the Government in exchange for a lesser sentence.  Defendant makes a conclusory allegation that he could have provided "substantive information about other crimes that [he] had knowledge of in the

---

[3] Detailed statements of facts describing the offense conduct are found in the Presentence Investigation Report (doc. 34) and the transcript of the plea colloquy (doc. 50) and will be set forth herein only as necessary.

[4] All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

black community" (doc. 56 at 35). Actually, from a comment made by counsel at sentencing, it is clear that Defendant had already begun to try to cooperate without any guarantee of a Rule 35 sentence reduction (doc. 52 at 4). Thus, Defendant was already aware of this possibility, and counsel was not derelict in failing to advise him as he claims (*see also* doc. 59-1 at 1–4 (affidavit of trial counsel, specifically stating that prior to trial he explained the "substantial assistance process" to Defendant and advised Defendant that he had the option of cooperating)).

Defendant next asserts that had he entered into a deal with the Government, he could have received a sentence reduction pursuant to § 3E1.1 of the Sentencing Guidelines. Again, Defendant is mistaken. Section 3E1.1 provides for a reduction in the offense level for an individual's acceptance of his personal responsibility for the charged criminal conduct, not for his cooperation against others. As reflected in the PSR, Defendant failed to accept responsibility (PSR ¶¶ 18, 28). Furthermore, his plea, which was entered only after the commencement of trial, did not allow the Government to "avoid preparing for trial" or permit the Government and the court "to allocate their resources efficiently." *See* U.S.S.G. § 3E1.1(b). Finally, as suggested by the Government, Defendant apparently entered a plea only after jury selection and learning that the "victim of his aggravated assault was going to come in and tell the truth" at trial (*see* doc. 52 at 4).

Defendant next appears to assert that if he cooperated with the Government, he would not have received the additional sentencing enhancements for obstruction of justice and using the firearm in connection with another felony. These claims are spurious. The PSR sets forth partial transcripts of telephone conversations Defendant had while he was at the jail with his wife, his girlfriend (the victim of the aforementioned aggravated assault), and another woman, in which Defendant encouraged the women not to cooperate so he could "beat the case" (PSR ¶¶ 7–12). Similarly, the circumstances outlining the battery and aggravated assault charges are outlined in the PSR, and clearly support the application of the adjustment even if, likely at Defendant's behest, the victim declined to cooperate with state prosecutors (PSR ¶¶ 54, 55). To the extent he asserts counsel was ineffective for failing to challenge these enhancements, he is not entitled to relief. Counsel is not constitutionally ineffective for his failure to make a frivolous objection. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009).

Finally, Defendant contends that counsel failed to recognize and object to the use of his "unqualifying state prior convictions" in calculating his criminal history (doc. 56 at 38).  Defendant contends that he should not have had any points assessed for his prior state court convictions, and as such his criminal history category should have been I rather than VI.  There is no factual or legal basis for this position.  Defendant's suggestion that prior state convictions can only be considered if they are crimes of violence is mistaken.  Section 4A1.1 of the Sentencing Guidelines sets forth how points are assessed for a defendant's prior convictions, and it is the length of the sentence imposed, not the nature of the underlying offense that is key.  Similarly, there is no requirement that a defendant be "certified as a recidivist" in order for the court to consider past convictions in calculating his criminal history.  Defendant has not shown that any of his 20 criminal history points were improperly scored, and counsel was not constitutionally ineffective for his failure to challenge the criminal history calculation.  *See* Freeman, Lattimore, *supra*.

### Ground Two

Defendant contends that counsel failed to consult with him about challenging the voluntariness of his plea on direct appeal.  Defendant claims that he "instructed counsel to appeal his conviction and sentence, but he neglected to do so," and he seeks leave to file an out-of-time appeal (doc. 56 at 5).  Defendant's assertion that counsel failed to file an appeal is false (*see* docs. 38, 55), and he is not entitled to relief.

Additionally, the court notes that Defendant's assertion that his guilty plea was involuntary is squarely refuted by the record of the plea proceeding.  An allegation of a coerced plea, supported by a factual allegation, can support a §2255 motion.  *See* Fontaine v. United States, 411 U.S. 213, 214–15 (1973); United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001).  However, a defendant's statements during a Rule 11 colloquy, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); *cf.* Holmes v. United States, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea).  Solemn declarations made under oath in open court carry a strong presumption of verity.  Blackledge, 431 U.S. at 73–74; United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Defendant has not suggested

a valid reason why the court should discredit the statements he made under oath at the plea proceedings (or the trial court's findings made in accepting Defendant's plea).

    <u>Conclusion</u>

    For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

<strong>Certificate of Appealability</strong>

    Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

    After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

    The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

    Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The motion to vacate, set aside, or correct sentence (doc. 56) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>3</u>rd day of March 2014.

    /s/ *Elizabeth M. Timothy*
    **ELIZABETH M. TIMOTHY**
    **UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

      Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).